*993 OPINION.
Teammell:
In determining the deficiency in controversy in this case respondent included in the gross estate the value of the bank stocks and certificates of beneficial interest, referred to in our findings of fact, on the theory that delivery of the certificates by decedent to his son on January 26, 1921, constituted transfers intended to take effect in possession or enjoyment at or after decedent’s death, within the purview of section 302 (c), Revenue Act of 1926.[1] Petitioner contends that the transfers constituted valid and completed gifts inter vivos, and therefore are not taxable as part of the gross estate. The correctness of respondent’s action is the sole issue for decision here.
Respondent’s determination is presumed prima facie to be correct, and petitioner has the burden of establishing by competent proof the alleged error, that is, that the transfers constituted valid gifts in praesenti and were not transfers intended to take effect at or after decedent’s death. From a careful consideration of the record before us, we think petitioner has wholly failed to meet this burden.
In Max R. Bardach, 32 B. T. A. 517, 520, we stated the characteristics of a valid and completed gift as follows:
It is well established that the requirements of a gift inter vivos are (1) an intention on the part of a competent donor to give; (2) an acceptance by a competent donee; and (3) a transfer of title with complete relinquishment by the donor of dominion and control of the property [citing authorities].
See also Chauncey L. Landon, 16 B. T. A. 907; Edwin J. Marshall, 19 B. T. A. 1260, affirmed in part material here, 57 Fed. (2d) 633; certiorari denied, 287 U. S. 621; Louis Schoen, 30 B. T. A. 1075; Oscar G. Joseph, 32 B. T. A. 1192.
*994 The evidence in our opinion fails to establish any of the characteristics of a completed gift inter vivos, above stated. Obviously decedent had no definite intention of making gifts effective at the time he endorsed and delivered the stock certificates to his son, for the reason that he then stated that his son could make transfer or delivery of the property to the donees whenever he saw fit to do so. At the hearing, petitioner (decedent’s son) testified that he understood that he was authorized by his father to transfer or deliver the property at any time he wanted to; and again he stated that his father presumably delegated to him discretionary power as to the time of delivery of the securities to the donees because he, decedent, desired to have his son handle the matter for him. Whatever the motive, it seems plain that decedent then had no present intention of making completed gifts effective at the time of the delivery of the certificates to his son. It further appears as a fact that the son, in the exercise of his discretion and for reasons satisfactory to himself, did not see fit to deliver the property to the donees until after his father’s death.
In the second place, it is not shown that there was any acceptance of the gifts by the donees, actual or constructive, at least until after decedent’s death. So far as disclosed by the record, the daughters were not informed of the transfers. We can not assume in the absence of proof that they accepted the gifts or that petitioner was authorized as their agent to accept for them, particularly when it is not shown that they had knowledge of the matter. To indulge in such presumption would be to relieve petitioner of the burden of proof in respect of the very issue which he must sustain in order to prevail.
As to the third characteristic of a gift inter vivos above mentioned, it is not shown that there was a complete relinquishment by the decedent of dominion and control of the property. On the other hand, it is shown that he received and appropriated to his own use all dividends from the stocks until his death, and exercised control over the voting of the stock by proxies given to his son.
Petitioner’s own evidence clearly establishes that none of the donees did in fact exercise any dominion and control over the property or derive any benefit therefrom prior to decedent’s death. Petitioner was the specifically appointed agent of and acted for his father in determining when delivery of the property to the donees should be made. In the exercise of such delegated discretion, he did not in fact make delivery until after his father died nearly three years later. In the light of these facts, we can only conclude that the transfers of 1927 were intended to take effect both in possession and enjoyment at or after decedent’s death. Respondent did not err in including the value of the property in the gross estate.

Judgment will be entered for the respondent.

 Sise. 302. The value of the gross estate of the decedent shall he determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—
* * * * # * *
(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money’s worth. * * *